UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN M. BALDWIN,

           Plaintiff,

      v.                                      Case No. 24-cv-165-bhl

CANDACE WHITMAN, et al.,

           Defendants.

## SCREENING ORDER

Plaintiff Justin M. Baldwin, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Baldwin's motion for leave to proceed without prepayment of the filing fee and for screening of the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Baldwin requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Baldwin has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $4.62. Therefore, the Court will grant Baldwin's motion for leave to proceed without prepayment of the filing fee.

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

ALLEGATIONS OF THE COMPLAINT

Baldwin is an inmate at the Racine Correctional Institution. Dkt. No. 1. Defendants are Warden Michael Meisner, Dr. Drew Delforge, and Health Services Manager (HSM) Candace Whitman. *Id*. at 1.

In August 2022, Dr. Delforge pulled the last of Baldwin's teeth and he has no teeth remaining in his mouth. *Id*. at 2. At the time, Baldwin was told that he could have dentures to replace his teeth. *Id*. However, neither Dr. Delforge nor HSM Whitman have made adequate efforts to get him dentures or provide alternative treatment. *Id*. Every time he asks for dentures, they tell him that he is on the "waiting list." *Id*. The lack of teeth in Baldwin's mouth over the past two years have caused "a large number of problems," including an inability to eat 30-40% of his food; severe weight loss (with no special diet provided); and painful, swollen, and bleeding gums. *Id*. For relief, Baldwin seeks an injunction ordering that he be fitted for dentures, along with monetary damages. *Id*. at 4.

ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

To state a claim under the Eighth Amendment, Baldwin must allege that: (1) he had an objectively serious medical condition; and (2) the defendant was deliberately indifferent towards

3

it. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A medical condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). A defendant is deliberately indifferent when he "actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Examples of deliberate indifference include ignoring a request for medical assistance; refusing to take instructions from a specialist; persisting in a course of treatment known to be ineffective; choosing an easier and less efficacious treatment without exercising medical judgment; and delaying in treatment which serves no penological interest. *Id.* at 729-31.

Baldwin alleges that Dr. Delforge pulled the last of his teeth in August 2022, and neither Dr. Delforge nor HSM Whitman have taken adequate steps in caring for his mouth. Baldwin has had difficulty eating food without teeth and has lost a significant amount of weight. He also states that it is painful to eat due to his swollen and bleeding gums. Based on these allegations, the Court can reasonably infer that Dr. Delforge and HSM Whitman may have been deliberately indifferent towards Baldwin's serious medical needs by pulling the last of his teeth too early and/or failing to provide alternative treatments, such as a special diet or pain medication, as he waited for replacement dentures. Accordingly, Baldwin may proceed on an Eighth Amendment deliberate indifference claim in connection with allegations that Dr. Delforge and HSM Whitman have failed to provide adequate medical care for his teeth and painful mouth since August 2022.

The Court will dismiss Baldwin's claims against Warden Meisner. Baldwin alleges no specific facts against this defendant. A warden's role as a supervisor at the institution does not make him liable under §1983 for the actions of others. *Burks v. Raemisch*, 555 F.3d 592, 593-94

4

(7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of [others].").

CONCLUSION

The Court finds that Baldwin may proceed on an Eighth Amendment deliberate indifference claim in connection with allegations that Dr. Delforge and HSM Whitman have failed to provide adequate medical care for his teeth and painful mouth since August 2022.

**IT IS THEREFORE ORDERED** that Baldwin's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Warden Meisner is **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Baldwin's s complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Dr. Delforge and HSM Whitman.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Dr. Delforge and HSM Whitman shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Baldwin shall collect from his institution trust account the **$325.00** balance of the filing fee by collecting monthly payments from Baldwin's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If

5

Baldwin is transferred to another institution, the transferring institution shall forward a copy of this Order along with Baldwin's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Baldwin is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Baldwin is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Baldwin may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on April 2, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge